UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WILLIAM ROST, JR.,<br><br>Plaintiff,<br><br>v.<br><br>KINGS COUNTY JAIL, et al.,<br><br>Defendants. | CASE NO. 1:20-cv-0227 JLT (PC)<br><br>**ORDER TO SHOW CAUSE**<br>**(Doc. 1)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff has filed a complaint asserting constitutional claims against governmental employees and/or entities. (Doc. 1.) Generally, the Court is required to screen such complaints (28 U.S.C. § 1915A(a)) and dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii) ["Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."]

**I.   Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff brings an Eighth amendment medical indifference claim against Kings County Jail, located in Hanford, California, and against Nurse Practitioner ("NP") Wendy Batchelor, employed at Kings County Jail during the period at issue here. Plaintiff seeks injunctive relief and damages for the alleged violation of his constitutional rights. Plaintiff's allegations may be fairly summarized as follows:

### A. Medical Care for Chronic Pain

Plaintiff contends there is a custom or practice at Kings County Jail to deny emergency medical care. In support, he points to the period between January 7 and January 30, 2020, when he submitted multiple medical request forms at Kings County Jail concerning chronic pain in his neck and back. Each time he submitted a new form, he was told that he had been added to a list to be seen by a nurse. When a nurse inevitably failed to respond to one of his previous requests, Plaintiff was

1  forced to submit a new request, learning in the process that his name kept getting removed from the
2  list before he was seen by medical staff. Another nurse told Plaintiff that "[t]he Nurse Practitioner
3  Wendy [Batchelor] keeps taking you off the list to get seen…."

4  On January 29, a very bad headache caused Plaintiff to vomit repeatedly in his cell. When
5  he sought emergency care, Plaintiff was told, "You will need to file a medical request before you
6  could get seen." Plaintiff submitted the request right then, but he was not seen at all that day.

7  On January 30, Plaintiff was finally seen by RN Batchelor, who prescribed only Tylenol
8  and Ibuprofen for Plaintiff's chronic pain even though Plaintiff informed her that those medications
9  do not help. Plaintiff also claims that she only documented his worsening condition without
10 providing further treatment but admits also that she referred him to a specialist.

11 Plaintiff asked jail staff on multiple occasions for help in accessing medical care, but none
12 of the staff members helped.  On February 6, he had another headache causing him to vomit
13 repeatedly. For several minutes he repeatedly pushed his emergency button, but he was ignored by
14 a staff member in charge of responding to these duress calls. Plaintiff states that as of the date that
15 he filed this action—February 10, 2020—he had not yet received medical care.

16 **B.  Grievances**

17 On January 18, Plaintiff filed a medical grievance regarding his inability to access medical
18 care at Kings County Jail. When he did not receive a response by January 20, he filed an inmate
19 grievance. In response to this latter grievance, Plaintiff was informed by staff, "We can not do
20 anything about your pain, you will need to file another medical grievance, not an inmate grievance."
21 Plaintiff chose instead to file a medical request. When he again did not receive a response to the
22 medical request, he decided to file yet another medical grievance on January 24.

23 **III.    Discussion**

24 Because Plaintiff is a prisoner suing over the conditions of his confinement, his claims are
25 subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA,
26 "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or
27 any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until
28

such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006); Jones v. Bock, 549 U.S. 199, 211 (2007)).

### A.      California's Exhaustion Requirements

For exhaustion to be "proper," a prisoner must comply with the prison's procedural rules, including deadlines, as a precondition to filing suit in federal court. Woodford, 548 U.S. at 90 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218; see also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion'" (quoting Jones, 549 U.S. at 218)).

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. Id. § 3084.1(b), § 3084.7(d)(3).

### B. Exceptions to the Exhaustion Requirement

The Supreme Court has identified "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Ross, 136 S. Ct. at 1859. "First, ... an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. (citing Booth,

532 U.S. at 736). "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Id. Finally, administrative remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860.

### C.     Analysis

Plaintiff's allegations are premised on conduct occurring between January 7 and February 10, 2020. In the complaint filed in this court on February 10, Plaintiff states that "the inmate grievance that I filed on January 20th had no option for appeal. I was unable to proceed the matter further due to jail staff not giving me the option to appeal which I am entitled to." Compl. 9. The inmate grievance that he references was filed after he submitted a medical grievance on January 18. When he failed to receive an immediate response to the medical grievance, he filed a general inmate grievance. This latter grievance appears to have been screened out because it concerned complaints regarding access to medical care. Although Plaintiff was directed to file a medical grievance instead of a general inmate grievance, he chose instead to submit a medical request form. When he again did not receive an immediate response to that form, he filed yet another medical grievance. Approximately two weeks later, he initiated this case. It is therefore evident from the face of the complaint that Plaintiff did not pursue any of his medical grievances through all levels of review as required by California law before filing suit.

Acknowledging his failure to exhaust, Plaintiff contends that he was unable to exhaust his inmate grievance because he was not given an option for appeal. Even if this claim were true as to the *inmate* grievance, Plaintiff does not address why or how he was precluded from exhausting his *medical* grievances before turning to this court. That is, his explanation does not satisfy any of the three exceptions to the exhaustion requirement: they do not suggest that a medical grievance was unavailable to him (indeed, he filed two: on January 18 and 24), that the administrative scheme was so opaque that it was incapable of use, or that he was otherwise thwarted from exhausting his administrative remedies.

Dismissal for failure to state a claim is appropriate where "a failure to exhaust is clear on

the face of the complaint." Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (defendant may move for dismissal under Rule 12(b)(6) where exhaustion is clear on the face of the complaint); Davis v. Cal. Dep't of Corr. and Rehab., 474 Fed. Appx. 606, 607 (9th Cir. 2012) (district court properly dismissed case where it was clear on face of complaint that administrative remedies were not exhausted prior to filing). When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168.

### IV. Conclusion

Because it appears on the face of the complaint that Plaintiff did not exhaust his administrative remedies prior to filing suit, the Court ORDERS Plaintiff to show cause within fourteen days why this action should not be dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust.

IT IS SO ORDERED.

Dated: **June 4, 2020**                              **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE