1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 EASTERN DISTRICT OF CALIFORNIA

10

11 KEVIN WILLIAM ROST, JR.,                    CASE NO. 1:20-cv-0227 JLT (PC)

12          Plaintiff,                         **ORDER VACATING ORDER TO SHOW
                                               CAUSE AND DIRECTING CLERK OF
13     v.                                      COURT TO ASSIGN DISTRICT JUDGE;**

14 KINGS COUNTY JAIL, et al.,                  **FINDINGS AND RECOMMENDATIONS
                                               TO DISMISS CASE FOR FAILURE TO
15          Defendants.                        EXHAUST ADMINISTRATIVE
                                               REMEDIES**

16
                                               **FOURTEEN-DAY DEADLINE**
17

18          Plaintiff alleges he suffered constitutional violations concerning the provision of medical care

19 at Kings County Jail in Hanford, California. (Doc. 1) Because it was clear from the face of the

20 complaint that Plaintiff did not exhaust his administrative remedies prior to filing suit, the Court

21 ordered him to show cause why this action should not be dismissed. (Doc. 9) Plaintiff has now filed

22 a response that includes documentation of several grievances and medical requests that he filed at

23 Kings County Jail regarding the alleged failure to provide him adequate medical care. (Doc. 10.) On

24 review and for the reasons set forth below, the Court finds that Plaintiff did not exhaust his

25 administrative remedies prior to initiating this case and that, therefore, this action must be dismissed

26 without prejudice.

27   ///

28

1

1   **I.      Legal Standards**

2          Because Plaintiff is a prisoner suing over the conditions of his confinement, his claims are

3   subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA,

4   "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or

5   any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

6   such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); <u>Porter v.</u>

7   <u>Nussle</u>, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners

8   seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An

9   inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent

10  exhaustion of available administrative remedies." <u>Ross v. Blake</u>, 136 S. Ct. 1850, 1856 (2016)

11  (quoting <u>Woodford v. Ngo</u>, 548 U.S. 81, 85 (2006); <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007)).

12         **A.      California's Exhaustion Requirements**

13         For exhaustion to be "proper," a prisoner must comply with the prison's procedural rules,

14  including deadlines, as a precondition to bringing suit in federal court. <u>Woodford</u>, 548 U.S. at 90

15  ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural

16  rules."). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper

17  exhaustion." <u>Jones</u>, 549 U.S. at 218; <u>see also</u> <u>Marella v. Terhune</u>, 568 F.3d 1024, 1027 (9th Cir.

18  2009) ("The California prison system's requirements 'define the boundaries of proper

19  exhaustion'" (quoting <u>Jones</u>, 549 U.S. at 218)).

20         The State of California provides its inmates and parolees the right to appeal

21  administratively "any policy, decision, action, condition, or omission by the department or its

22  staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or

23  her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available

24  administrative remedies, a prisoner must proceed through three formal levels of appeal and

25  receive a decision from the Secretary of the CDCR or his designee. <u>Id.</u> § 3084.1(b), §

26  3084.7(d)(3).

27  ////

28

**B.  Exceptions to the Exhaustion Requirement**

The Supreme Court has identified "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Ross, 136 S. Ct. at 1859. "First, ... an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. (citing Booth, 532 U.S. at 736). "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Id. Finally, administrative remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860.

**II.    Discussion**

In his response to the Order to Show Cause, Plaintiff submits several printouts of the Kings County Jail's internal tracking system of inmate and medical grievances and requests. The Court focuses here on the several inmate grievances and medical grievances filed by Plaintiff in 2020. These printouts highlight that Plaintiff repeatedly complained about pain, the staff's failure to treat his pain and to treat it in a timely manner, and his need for an outside specialist. The grievances are listed here in chronological order based on the date of submission:

> Medical Grievance #077404283: Filed on January 18 and closed at the 1st level of review on January 24. (Doc. 10 at 9.)

> Inmate Grievance #077457283: Filed on January 19 and closed at the 1st level of review on January 20. (Doc. 10 at 5.)

> Medical Grievance #078052683: Filed on January 24 and closed at the 3rd level of review on February 21. (Doc. 10 at 11.)

> Inmate Grievance #079814993: Filed on February 6 and closed at the 3rd level of review on March 4. (Doc. 10 at 3-4.)

> Medical Grievance #080856053: Field on February 15 and closed at the 1st level of review on February 21. (Doc. 10 at 12.)

> Medical Grievance #084929843: Filed on March 21 and closed at the 2nd level of review on March 26. (Doc. 10 at 6.)

3

Medical Grievance #087408953: Filed on April 15 and closed at the
3rd level of review on April 21. (Doc. 10 at 7-8.)

Relying on these grievances, Plaintiff argues that he was unable to exhaust his administrative remedies because he was not given the opportunity to appeal some of the grievances beyond the first level of review. For example, for Inmate Grievance #077457283, which he filed on January 19 and which was closed at the first level of review on January 20, Plaintiff complained that he had yet to be seen by medical staff despite having filled out sick calls. (Doc. 10 at 5.) The response to the grievance indicated that Plaintiff was seen that very day, that any future medical issues should be addressed in a medical grievance, and that Plaintiff could appeal the decision. Though Plaintiff claims that the closure of this grievance at the first level of review prevented him from appealing, his own documents indicate that the "closed" status of a grievance does not prevent its appeal; rather, a "closed" status is simply changed back to "open" if an appeal is received. (See, e.g., Doc. 10 at 10.) Plaintiff did not appeal this grievance.

A similar closure at the first level of review occurred on January 24 after Plaintiff filed a medical grievance, #077404283, in which he again complained that he had not yet been seen by medical staff despite having filled out sick calls for pain. (See Doc. 10 at 9.) Though Plaintiff claims that he was not allowed to appeal this issue after the closure of the grievance, there is no indication that he tried to appeal and was denied the opportunity to do so. The printouts reveal (as did the allegations in the complaint) that Plaintiff filed another medical grievance, #078052683, on the same day—January 24—that his other medical grievance was denied regarding the alleged failure to provide timely medical treatment. (Doc. 10 at 11.) The printouts reveal that Plaintiff exhausted this medical grievance through the third level of review and thus exhausted his administrative remedies, **after** this case was initiated. For this litigation, the appeal process had to be completed **before** he filed the complaint.

Plaintiff has thus failed to show that an administrative procedure was unavailable to him, that it was so opaque that it was "practically speaking, incapable of use," or that he was thwarted from taking advantage of the grievance process. Because Plaintiff's failure to exhaust was clear on the

4

1    face of the complaint and further because nothing in Plaintiff's response suggests that he was unable

2    to exhaust available remedies prior to filing suit, this action must be dismissed.

3       Dismissal for failure to state a claim is appropriate where "a failure to exhaust is clear on the

4    face of the complaint." Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (defendant may move

5    for dismissal under Rule 12(b)(6) where exhaustion is clear on the face of the complaint); Davis v.

6    Cal. Dep't of Corr. and Rehab., 474 Fed. Appx. 606, 607 (9th Cir. 2012) (district court properly

7    dismissed case where it was clear on face of complaint that administrative remedies were not

8    exhausted prior to filing). When the district court concludes that the prisoner has not exhausted

9    administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice."

10    Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other

11    grounds by Albino, 747 F.3d at 1168.

12 **III.   Conclusion**

13       Based on the foregoing, the Court **ORDERS** that:

14       1.   The Order to Show Cause (Doc. 9) is **VACATED**;

15       2.   The Clerk of Court is directed to assign a district judge to this case; and

16       The Court **RECOMMENDS** that this action be dismissed without prejudice.

17       These Findings and Recommendations will be submitted to the United States District

18    Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

19    fourteen days after being served with these Findings and Recommendations, the parties may file

20    written objections with the Court.  The document should be captioned "Objections to Magistrate

21    Judge's Findings and Recommendations."  The parties are advised that failure to file objections

22    within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772

23    F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

24

25 IT IS SO ORDERED.

26    Dated:  __July 28, 2020__         ____**/s/ Jennifer L. Thurston**____

                                     UNITED STATES MAGISTRATE JUDGE

27

28